R. R. LAWRENCE v. WILLIAM LAWRENCE,
Appellant.

Division One, April 13, 1925.

1.   **ABSTRACT: Presented by Respondent.** The abstract filed by appellant being a scant presentation of the evidence, an additional

abstract presented by respondent without objection becomes the abstract of the case for purposes of appeal.

2. **PARTITION: Unexecuted Oral Agreement.** The plaintiff and defendant, being the sole owners of land subject to their mother's unassigned homestead and dower, having entered into an oral agreement by which defendant was to have thirty acres of bottom land, and the plaintiff the balance with the improvements thereon, but not agreeing upon the metes and bounds, but further agreeing to make and exchange deeds by which they would properly convey the lands to each other and fix the metes and bounds thereof, and plaintiff having tendered such a deed, but did not deliver it, because defendant refused to make a deed to him, giving as his reason that his wife demanded one hundred dollars to sign his deed, the plaintiff, upon the mother's death, is entitled to a decree of partition, ordering the lands sold and the proceeds divided.

Citations to Headnotes: 1, **Appeal and Error**, 4 C. J. 2089; 2, **Partition**, 30 Cyc. 269.

Transferred from Springfield Court of Appeals.

AFFIRMED.

*John T. Moore* for appellant.

The evidence all shows that the land could be divided in kind. Parol partition followed by possession is sufficient to sever possession and bind the parties. Plaintiff must be a joint tenant or tenant in common to maintain partition; plaintiff was neither. Plaintiff had no right to bring this action; it should be dismissed, and under the pleadings and evidence the judgment should be in favor of the defendant on his cross-bill and a parole partition granted.

*J. S. Clarke* for respondent.

(1) The undisputed evidence is that at the time alleged by appellant that the parol partition was made dividing the lands, the widow of the father of the parties hereto was residing on these lands as her homestead. At that time no partition could be made of the lands she occupied as such homestead. Neither had her dower been assigned. Armour v. Lewis, 252 Mo. 568; R. S. 1919, sec. 315; Schup v. Thrasher, 207 Mo. App. 646; Scott v.

Royston, 223 Mo. 568. (2) There was never any contract of parol partition between the parties that can be enforced. The agreement was to divide the lands, and to execute deeds setting forth their respective interests. The execution of the deeds was one of the main conditions upon which the agreement was entered into. True they took possession of the interests agreed upon, but did so as to respondent, at least, upon the condition that a deed was to be executed to him for his portion, and without getting a deed to his share he would never have entered into the agreement and taken possession. Possession was taken and held, pursuant to receiving a deed to his part by respondent, and at divers times respondent requested appellant to make up the deed as he had agreed, but he told respondent it was "good enough as it is." (3) The object of partition is to definitely ascertain the respective interests of the parties, and to set those interests apart to them in kind, or to have the land sold and proceeds divided. And parol partition must be clearly proved. Elliott v. Delaney, 217 Mo. 14; Palmer v. Alexander, 162 Mo. 127; Whitesett v. Wamack, 159 Mo. 14. (4) Appellant will not be permitted to take advantage of the parol partition contract, when he himself refused to carry out the salient conditions of it on his part. He will not be permitted to take advantage of his own wrong. Hartmann v. Ry. Co., 182 S. W. 148.

GRAVES, J.—The Springfield Court of Appeals certifies this cause, because title to real estate is involved. The petition is an ordinary petition in partition. It charges that the parties plaintiff and defendant are tenants in common, and that plaintiff owns a two-thirds interest in the land and the defendant a one-third interest. The petition further charges that the land cannot be divided in kind without grievous injustice to the parties to the action, and prays for a sale of the property, which is averred to be worth $5,000.

Defendant answered by averring a partition between the parties by an oral agreement in 1909, and that since said time the parties have been in possession of

their respective shares, under such oral agreement. The reply denied an effective oral partition, but avers that no deeds fixing the boundaries of the respective interests of the parties had ever been made or interchanged, or the boundary lines otherwise fixed. The prayer of the reply prayed for partition as in the petition asked. Details are left to the opinion.

No judgment is found in the abstract of record, but the short transcript, to which we may go, shows that the trial court adjudged partition, finding that plaintiff had a two-thirds interest in the lands, and the defendant a one-third interest. The lands were ordered sold, and the net proceeds ordered divided, in proportion to the interests found, as above stated. Defendant has appealed.

I. The record is rather scant, but is improved by an additional abstract of record, filed by respondent. There was owned by the father of plaintiff and defendant, 182 acres of land, irregular in point of value. Upon the death of the father, there were left the parties to this action, the son of their sister (Jim Nave) and their mother. The mother of course had homestead and dower, which were never assigned. During the lifetime of the mother, the two brothers (plaintiff and defendant) and the nephew agreed orally upon a division of the land, by which the defendant was to get thirty acres of bottom land, and the plaintiff and the nephew the improvements and the remainder of the land. A part of this agreement was to the effect that the parties were to make deeds to each other, thus fixing the boundary lines. The plaintiff and nephew were to hold their part jointly. Later the mother died, and the nephew deeded his one-third interest to plaintiff, so that it is not denied that plaintiff had a two-thirds interest in the land, and the defendant a one-third interest. This alleged oral partition was in 1909, while the mother held both unassigned homestead and dower. That the oral agreement called for deeds, is not seriously disputed—plaintiff and the nephew testifying to the fact, and defendant does not

seriously deny it.   Plaintiff tendered a deed to defendant, and defendant failed and refused to deed to plaintiff.   The trial court could not avoid finding the foregoing facts.   This in addition to our outline of the case, must be considered in the disposition of the appeal here.

II.   The abstract of the evidence is a scant one, as such is presented here by appellant, the defendant. Plaintiff (respondent) presents an additional abstract of the evidence, and it stands here without objection. In such situation it practically becomes the abstract in the case.   There was an oral agreement to partition in 1909, at which time the mother (the widow of Dick Lawrence, the father) was alive.   She had both homestead and dower, if the value exceeded the homestead.   She was dead at the institution of this suit.   The contract or agreement to partition is of importance.   It is thoroughly shown that by the terms of this contract, the parties agreed upon the acreage that each should take, but the metes and bounds were not detailed.   The oral agreement had the additional provision that the parties were to make and exchange deeds, properly conveying the lands to each other, and thus fix the metes and bounds of each party's interest.   Plaintiff and the nephew made their deeds, but did not deliver, because defendant refused to make a deed, alleging as a reason that his wife demanded $50 to sign such deed.   It is stipulated in the record, however, that the wife, if present, would testify that she made no such demand.   Defendant himself does not deny that the making of these deeds was a part and parcel of the oral agreement to partition.   In this situation the trial court was right in finding that there had been no partition of the lands.   The court was likewise right in ordering a sale.   Taking the evidence upon this point, the most that can be said is that there was a conflict.   The weight would appear to be with the finding of the court.   We have just been over this question.   [See Groes v. Brockman, decided at this term, by this Division of the court, and reported at page 644 of this Report.]

The oral contract for partition having failed, by rea-'son of defendant's refusal to keep its terms, and the court's action in ordering a sale being proper, it follows that the judgment *nisi* should be affirmed. It is so ordered. All concur; *Ragland, P. J.,* in the result.